S. Beville May, Boston, Mass., Robert Adler, Washington, D.C., for plaintiff.

Benjamin Greenspoon, Associate Gen. Counsel, Faith D. Ruderfer, Sp. Trial Counsel, Washington, D.C., for Securities and Exchange Com'n.

Catherine A. BRODERICK, Plaintiff,

v.

David S. RUDER, Chairman United States Securities and Exchange Commission, Defendant.

Civ. A. No. 86-1834.

United States District Court, District of Columbia.

Feb. 24, 1989.

ORDER

JOHN H. PRATT, District Judge.

Presently before us is plaintiff's motion for an order requiring defendant to pay interest on back-pay she received in settlement of her claims against defendant. On June 16, 1988, almost ten months ago, this Court approved a Joint Order, which was negotiated between the parties in settlement of this case. The Joint Order provided for plaintiff to receive back-pay on certain retroactive promotions "with interest as provided by law." *See* Joint Order ¶ 5 at 2. Since our approval of the Joint Order, the parties themselves have long been in agreement that plaintiff should receive interest as part of her settlement. *See* Memorandum of the SEC (1) in Support of Its "Petition for Instructions" and (2) in Response to Plaintiff's "Motion for the Entry of a Proposed Order" ("SEC Memorandum"), Exhibit F at 1–2; Exhibit G at 1; Exhibit H at 5; Exhibit I at 2; Declaration of Faith D. Ruderfer at ¶¶ 3, 6, 7. Defendant has been unable to pay plaintiff interest because the Government Accounting Office (GAO) will not provide the necessary certification on the ground that interest is not properly payable on Title VII awards.

We do not find it necessary to address in this case whether or not interest is properly payable in Title VII awards. Although framed as a suit for sex discrimination under Title VII, the proof presented extended over a broad area and concerned matters of wide governmental policy. It was not surprising that the relief provided in the joint settlement far exceeded the damages alone awarded in a Title VII litigation. Plaintiff was awarded not damages, but "back pay ... with interest as provided by law." Joint Order ¶ 5 at 2. In addition, the plaintiff in this case has received several remedies in settlement of her claim which further distinguish it from a Title VII award.[1] These remedies were nevertheless included in the Joint Order,

---

1. For example, the Joint Order provided for the Commission to hire a EEO expert to review current Commission policies prohibiting sexual harassment and procedures for enforcing those policies. *See* Joint Order at 4–5. Under the Joint Order, the Commission also agreed to pay for the cost of certain psychiatric counseling for plaintiff, the cost of certain out-placement employment services, and the employment of an impartial third party to investigate the conduct of certain employees as well as extensive injunctive relief. *See id.* ¶¶ 8, 9 at 3, and 4–6.

which was negotiated and agreed to by the parties. The record reflects that the parties to the agreement specifically understood the Joint Order as providing for the actual payment of interest to plaintiff. *See* SEC Memorandum, Exhibit F at 1–2; Exhibit G at 1; Exhibit H, Ellifritz Letter at 5; Exhibit I at 2; Ruderfer Declaration at ¶¶ 3, 6, 7. Because this is a compromise settlement, negotiated between the parties, which grants extensive additional relief, it is analogous to a suit under the Back Pay Act, under which interest would be payable. For these reasons, we believe the terms of the Joint Order should be given the effect which the parties intended them to have and that plaintiff should receive interest in this case.[2] To do otherwise is to honor "form over substance."

Accordingly, it is by the Court this <u>2nd</u> day of March, 1989

ORDERED that within fifteen (15) days of the date of this Order, defendant shall pay or shall cause to be paid to plaintiff interest in the amount of $40,866.08. Payment of this amount will satisfy the defendant's obligation to pay interest on the back-pay awarded to plaintiff pursuant to the Joint Order approved by the Court on June 16, 1988.

2. If defendant cannot obtain the needed certification from the GAO for such payment from the "Judgment Fund" in this case, defendant is still obligated to comply with the terms of its agreement and pay plaintiff interest from the same source of funds that was used for plaintiff's other remedies that are not typically awarded in Title VII cases. *See supra* note 1; *see also* SEC Memorandum, Exhibit H, Ellifritz Letter at 4.